EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br><br>Carlos E. Díaz Olivo<br>(TS-7839) | 2019 TSPR 207<br><br>203 DPR _____ |
| --- | --- |

Número del Caso:  AB-2019-100


Fecha:  7 de noviembre de 2019


Abogado de la parte promovida:

      Por derecho propio


Materia:  Resolución del Tribunal.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Carlos E. Díaz Olivo           AB-2019-100
      (TS-7839)

RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de noviembre de 2019.

Examinada la *Urgente solicitud de remedios en auxilio de jurisdicción en mitigación de daños* que presentó el Lcdo. Carlos E. Díaz Olivo, se provee no ha lugar a la misma.

Enfatizamos que nada en el Reglamento de este Tribunal sugiere que estamos impedidos de publicar una Resolución de esta naturaleza cuando una mayoría de las Juezas y Jueces así lo determine. La norma es que se publican las Opiniones del Tribunal, las Sentencias o Resoluciones en donde alguna Jueza o Juez emita un voto particular y **las Resoluciones que el Pleno expresamente ordene que se publiquen**. Por otro lado, resaltamos que durante este proceso se salvaguardó el derecho a un debido proceso de ley del licenciado Díaz Olivo, pues se le garantizó la oportunidad de contestar la queja en su contra, según exige el Reglamento de este Tribunal. 4 LPRA Ap. XXI-B, R. 14(c). Por otro lado, la Regla 14(d) de nuestro Reglamento dispone que "[e]l tribunal podrá imponer las sanciones que correspondan sin necesidad de trámites ulteriores cuando surjan de la propia contestación [del promovido] hechos que lo justifiquen". 4 LPRA Ap. XXI-B. En este caso, tras examinar los autos del caso y constatar que el peticionario utilizó lenguaje irrespetuoso en comparecencias escritas ante un tribunal, no había

necesidad de agotar el trámite disciplinario ordinario.

En cuanto a la *Urgente moción informativa suplementando auxilio de jurisdicción y remedio preventivo ante ya continuos daños e irregularidades denunciadas* que presentó el licenciado Díaz Olivo, nada que proveer.

Notifíquese inmediatamente y publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez está conforme y desea hacer constar la siguiente expresión:

> Estoy conforme con declarar no ha lugar la *Urgente solicitud de remedios en auxilio de jurisdicción* presentada por el Lcdo. Carlos Díaz Olivo, así como la *Urgente moción informativa* que la suplementó. Los argumentos esbozados por el licenciado en ambos escritos no solamente se apartan de la normativa que rige el ejercicio de nuestro poder inherente para regular la profesión legal, sino que, además, relegan la importancia de la transparencia en esa gestión. Contrario a lo que alega el letrado, la publicación de la resolución mediante la cual fue amonestado no supone un proceder inusitado por parte de este Tribunal. *Véase e.g. In re: Ángel Casiano Ruiz*, 199 DPR 343 (2017). A esos efectos, ninguna disposición de nuestro Reglamento limita nuestra prerrogativa de decidir cuáles resoluciones pueden ser objeto de publicación y cuáles no. De hecho, el inciso (o) de la Regla 14 expresamente contempla la notificación a terceros de aquellas decisiones mediante las cuales se le imponga sanciones a un abogado. *Véase* 4 LPRA Ap. XXXI-B.

> En este caso, la sanción impuesta al licenciado Díaz Olivo respondió al lenguaje descomedido utilizado por éste en sus comparecencias escritas ante el Tribunal de Primera Instancia. En los dos escritos presentados ante este Tribunal, el licenciado aduce violaciones a su debido proceso de ley. Ello, a pesar de que tuvo la oportunidad de contestar el referido presentado en su contra y aceptó los hechos que resultaron en nuestra intervención. Contumazmente, sin embargo, arguyó que dichas expresiones no constituían una violación a los Cánones de Ética. En esta coyuntura, no podemos perder de vista que los abogados, ante todo, son funcionarios del tribunal y de la Rama Judicial a la que sirven. *Véase Pueblo v. Susoni*, 81 DPR 124 (1959) y su progenie. Así,

como entes instrumentales en la tarea de impartir justicia, deben velar constantemente porque sus expresiones no tengan el efecto de socavar su consecución y atacar la legitimidad de la institución que representan. *Véase Nebraska Press Assn. v. Stuart*, 427 US 539, 601 n. 27 (1976) (Brennan, J., Op. Concurrente) ("As officers of the court, court personnel and attorneys have a fiduciary responsibility not to engage in public debate that will redound to the detriment of the accused or that will obstruct the fair administration of justice.") (citado con aprobación en *Gentile v. State Bar of Nevada*, 501 US 1030, 1074 (1991)).

Conviene recordarle al licenciado Díaz Olivo que, justamente en atención a este rol dual de los abogados como representantes de las partes y funcionarios del tribunal, los Cánones de Ética imponen ciertas restricciones a su conducta. Específicamente, el Canon 9 del Código de Ética Profesional, exige a los abogados "observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales". Canon 9, 4 LPRA Ap. IX, C. 9.

Así, más que una "censura previa" -tal y como lo califica el licenciado en sus escritos- la amonestación emitida por este Tribunal estuvo fundamentada en una aplicación formal y uniforme de la normativa deontológica que rige la conducta de todos los integrantes de la profesión legal. Los abogados, al estar sujetos a la jurisdicción de las cortes ante las cuales postulan, tienen un deber de cumplir con las normas éticas que procuran su cumplimiento con los estándares más altos de profesionalismo, decoro y respeto. *Véase* David L. Hulson Jr., *I Pledge to Be Civil: Lawyer speech triggers both civility and constitutional concerns*, ABA Journal, Sep-Oct 2019 ("Nonetheless, lawyers are subject to the jurisdiction of the courts where they practice and need to be aware of the ethics rules that hold them to a higher standard, subjecting them to discipline and sanctions when they abuse the process, commit misconduct or go too far"). Por entender que las expresiones escritas ante los tribunales del licenciado Díaz Olivo se apartan de esos estándares y mancillan la profesión que representa y la institución a la que sirve, reitero mi conformidad con la amonestación emitida

y con declarar no ha lugar los escritos presentados mediante los cuales se procura la reconsideración de ésta.

La Jueza Asociada señora Pabón Charneco disiente y se une a la expresión del Juez Asociado señor Estrella Martínez. El Juez Asociado señor Estrella Martínez disiente y atendería la solicitud y reconsideraría.

El Juez Asociado señor Colón Pérez no intervino. El Juez Asociado señor Kolthoff Caraballo está inhibido.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina